```
                      UNITED STATES DISTRICT COURT
                        DISTRICT OF CONNECTICUT
```

```
-------------------------------- x
UNITED STATES OF AMERICA         :
                                 :
                                 :
                                 :
v.                               :
                                 :
                                 :   Criminal No. 3:21-cv-88 (AWT)
                                 :
LEONARDO HECTOR ROSADO           :
                                 :
                                 :
                                 :
-------------------------------- x
```

## ORDER RE DEFENDANT'S PRESENCE AT TRIAL

In order to afford the defendant, Leonardo Hector Rosado, his rights to be present at the trial, or to exercise his right to absent himself, the court orders the U.S. Marshal Service to bring him to court. See Grayton v. Ercole, 691 F.3d 165, 170-71 (2d Cir. 2012) (discussing the defendant's right to be present and noting that "[t]he opportunity for cross-examination, protected by the Confrontation Clause, is critical for ensuring the integrity of the fact-finding process") (internal quotation marks omitted); see also Fed. R. Crim. P. 43 (requiring the defendant's presence at all stages of trial); Cuoco v. United States, 208 F.3d 27, 30 (2d Cir. 2000) (noting that a defendant can waive his right to be present "knowingly and voluntarily").

The court has the power to order the United States Marshal Service to take Mr. Rosado into custody, using reasonable force, and deliver him to the courthouse. See, e.g., Order (Doc. No.

40), United States v. Page, No. 17-cr-279 (AWT) at 3, 4-5 (ordering United States Marshal Service to use reasonable force as necessary to bring defendant to arraignment). In other circumstances, a court might find a party unwilling to appear in contempt and order him held in custody until he became willing to comply with the court's orders. Here, such a sanction would be "meaningless," as Mr. Rosado is already in custody. Id. at 4-5. In such cases, other courts have found it appropriate to direct the United States Marshal Service to deliver a defendant to the courthouse using "such reasonable force as may be necessary." Id. at 6; see also Appeal of Maguire, 571 F.2d 676, 677 (1st Cir. 1978)(ordering production of an incarcerated suspect at a Grand Jury lineup).

The court finds that it is necessary and appropriate to order the United States Marshal Service to take action to deliver Mr. Rosado to the courthouse for trial.

The court hereby orders the U.S. Marshal Service to use reasonable force if necessary to deliver Mr. Rosado to the United States District Court, District of Connecticut, for trial before the undersigned on February 16, and February 21 through 23, unless this order is sooner vacated. The United States Marshal Service may use the assistance of personnel of the Donald W. Wyatt Detention Facility, as necessary, to execute this Order.

The court presumes that Mr. Rosado will cooperate with the Marshals who are directed to bring him to court. The court reminds Mr. Rosado that a person who "forcibly assaults, resists, opposes, impedes, intimidates, or interferes with any person . . . while engaged in or on account of the performance of official duties" may be charged with a federal criminal offense. 18 U.S.C. §111(a)(1). If Mr. Rosado continues to refuse transport to court, he understands that he is waiving his right to be present at trial and knows that trial will continue in his absence.

A copy of this order shall be delivered by the Clerk's Office to the United States Marshal Service.

Defense counsel shall send a copy of this order to the defendant at the Wyatt Detention Facility. In addition, the Deputy United States Marshal shall have a copy of this order for the defendant to read in the event there is any issue when arrangements are being made to bring him to court on Friday, February 17, 2023.

It is so ordered.

Dated this 16th day of February 2023 at Hartford Connecticut.

/AWT/
Alvin W. Thompson
United States District Judge